VERNON ENGEL, APPELLEE, v. DARRELL MEAD, APPELLANT.
216 N. W. 2d 718

Filed March 28, 1974. No. 39195.

Dean E. Erickson, for appellant.

Luebs, Tracy, Huebner, Dowding & Beltzer and D. Steven Leininger, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

WHITE, C. J.

In a trial to the court without a jury, the plaintiff recovered a judgment for unpaid wages. The defendant assigns error in the failure to grant a continuance of a hearing on his motion for a new trial, and that he was not permitted to argue his case before the court. We affirm the judgment of the District Court.

The defendant's motion for a new trial asserted prior error in the rulings of the court, and did not allege or assert any grounds by way of newly discovered evidence. The purpose of a motion for a new trial under our procedure is to give the trial court an opportunity after judgment to review and correct alleged errors in the previous proceedings. The granting of a hearing on a motion for a new trial rests within the sound discretion of the trial judge. This would seem to be particularly true where the trial is to the court only. No authority is cited for the proposition that a court is required to conduct another "trial" when a motion for a new trial is filed after judgment has been rendered. Nevertheless, in the present case, the trial court did grant a hearing; and notice of the hearing was received by the defendant 1 week before the scheduled date. One day before the scheduled hearing the defendant filed a motion for a continuance which was unsupported by an affidavit. See section 25-1148, R. R. S. 1943, which requires an affidavit to support a motion for a continuance. It is apparent, without further discussion, that this contention of the defendant is wholly without merit.

Even though the trial was before the court only, the defendant asserts that the District Court erred in not permitting the defendant to give an opening statement and a closing argument to the court after the plaintiff was earlier permitted such responses. The record shows, first, that the plaintiff did not make any closing argument to the court, and apparently the defendant's argument is directed to the plaintiff's argument on the motion for a directed verdict or dismissal at the close of all the evidence. Secondly, the record does not disclose any *refusal* on the part of the court to permit the defendant's attorney to make an opening and a closing statement. He simply failed to request the court's permission to make such argument and statement. There is no requirement that a court assist counsel for either litigant in a case in making a determination as to whether he desires or requests permission to make an opening statement or final argument. This would be particularly true where the trial is before the court only. There is no merit to the defendant's contention.

The defendant assigns as error that the judgment is not supported by the evidence. This assignment of error is not argued and therefore is not properly before us for consideration. The record reveals, moreover, that the assignment is utterly without merit. The plaintiff's rate of pay during this entire time was $400 per month. The difference in the wages earned by the plaintiff at the undisputed rate paid, and the wages paid by the defendant was in the amount of $1,666.80. The defendant's theory in his answer and cross-petition was that the plaintiff had been paid in full through merchandise, by the use of the defendant's equipment without paying a reasonable rental value for such use, and by payment of wages to the plaintiff in cash rather than check. As to these defenses, there is either utterly no proof, or a direct conflict in evidence. This is a law action tried to the court without a jury, and the finding and judg-

ment of the trial court will not be disturbed on appeal unless clearly wrong. There is no merit to this contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.