NORVAL BRANDT, APPELLANT, V. LYLE MAYER ET AL., APPELLEES.

246 N. W. 2d 203

Filed October 20, 1976. No. 40509.

Crosby, Guenzel, Davis, Kessner & Kuester and Jeffrey A. Knoll, for appellant.

Pierson, Pierson & Fitchett, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action by Norval Brandt, a contractor, to recover a balance due on an oral contract to construct a residence for defendants, Lyle and Manette Mayer. The issue tried was whether the oral agreement was made on a cost-plus basis. The trial court determined plaintiff failed to prove a cost-plus agreement. The trial court further found plaintiff also failed to prove the reasonable value of overhead and profit. Judgment was rendered for plaintiff in the amount of $4,432.92. Plaintiff appeals. We affirm.

After trial, the court determined plaintiff and defendants entered into an agreement to build a residence on a cost-plus contract. On that basis, he rendered a judgment for $8,176.90. After arguments on a motion for a new trial and a review of the record, the trial court amended its original judgment to reflect the judgment on appeal herein.

Plaintiff is a building contractor. In early 1970, he contracted with the defendants to build a new home for them. The Mayers had a set of plans for the construction of this home. In reviewing those plans, the parties decided a new set of plans should be prepared. Brandt had a set of plans prepared in accordance with the discussion of the parties. During these discussions Brandt told the Mayers that based on the early plans the home should cost somewhere in the neighborhood of $30,000 to $32,000. At no time, however, was there ever any agreement with reference to a fixed price for the home.

Brandt argues the final agreement was a cost-plus 10 percent profit contract. Defendants deny the words "cost-plus" were ever used in their discussions. Brandt requested the Mayers make monthly payments to him after construction commenced in order that he might be able to pass the material discounts he would receive for making early payments to his suppliers along to them. As the construction proceeded many extras not

reflected in the original plans were added to the home. Some of these items include special kitchen cabinets, a movable wardrobe; a finished basement, including a fireplace; an inside access garage door; and other items.

Brandt testified that throughout the entire project he supervised and managed the construction. He made sure his subcontractors knew what was to be done and how it was to be done. In determining his fixed labor costs, such as Social Security, insurance, etc., a flat fee was included in the labor charges which were paid as they were incurred on the monthly basis. Monthly payments by the Mayers were determined on the amount of material and labor supplied the previous month. Brandt would figure these amounts at the end of the month and bill the Mayers shortly thereafter.

After the Mayers moved into the home there were minor problems which were all corrected. Approximately 8 months after they moved into the home, Brandt sent them a final bill. It was at this point the dispute arose. At the request of the Mayers, Brandt submitted a list of the extras, together with the estimated additional cost of such extras. By this method the original estimate of $30,000 or $32,000 was increased to $43,800 or $45,800. The amount paid by the Mayers to Brandt totalled $30,900. Additionally, the amount paid by defendants directly to suppliers totalled approximately $9,800. The total amount paid by the Mayers for construction as of the time of the trial was approximately $40,700. Plaintiff's action was to recover $8,484.70.

The action was tried to the court without a jury. Judgment was originally entered for the plaintiff Brandt in the sum of $8,176.90. Upon defendants' motion for a new trial, the court reconsidered the evidence, made revised findings of fact, and entered an amended judgment for the plaintiff of $4,432.92. He sustained defendants' motion for a new trial to the extent set forth in the amended judgment.

Defendants contend it was necessary for the plaintiff to file a motion for a new trial before processing this appeal. We determine it was not. The purpose of a new trial motion is to give the trial court an opportunity after judgment to review and correct alleged errors in the previous proceeding. Engel v. Mead (1974), 191 Neb. 541, 216 N. W. 2d 718.

The court did correct alleged errors on defendants' motion for a new trial. Another motion for a new trial would merely address the same points already passed on in the defendants' motion for new trial. To again require the trial court to review the record would be a useless gesture. We hold the appeal is properly before us. Where a modified judgment is entered after a trial court rules on a motion for new trial, another motion for new trial on the modified judgment is not required.

Plaintiff states in his brief: "The evidence adduced at trial clearly indicates that the Mayers' home was built by Mr. Brandt under an oral contract on a 'cost-plus' basis." However, at no place in his brief does he call our attention to the evidence which so clearly indicates. In our review of the record, we are in agreement with the trial court. The evidence does not support the finding of a cost-plus arrangement.

Plaintiff relies on Jensen v. Manthe (1959), 168 Neb. 361, 95 N. W. 2d 699, to support his argument there was a cost-plus agreement. There, we affirmed the judgment of the trial court which found the parties had orally agreed to the construction of a house on a time and materials cost basis. The court there rejected the argument that the contract was for a fixed price, pointing to the fact that construction was begun without complete plans and specifications. The defendants there not only selected the materials to be used but also selected and paid the subcontractors. While some of the facts may be analogous, that case is distinguishable and not controlling herein. The issue was whether

the agreement was for the construction of the house
for a fixed price or for construction of the house on a
time and material cost basis. The trial court from the
evidence found the latter. This court following well-
established rules affirmed. It is the function of this
court to independently determine if sufficient evidence
was presented to sustain the trial court's finding and
judgment, giving due regard to the fact the trial court
had an opportunity to observe the witnesses where the
testimony is in conflict.

Here, the record does not disclose any discussion about
building on a cost-plus basis. Plaintiff testified the
agreement was the house would be built the same way
as a neighbor's house had been, but nothing was said
about cost. The neighbor's house was built for cost-plus
10 percent. Mr. Mayer testified he did not know what
arrangement the neighbor had for the payment of his
house, and plaintiff never made any reference to its
cost. He further testified cost-plus was never men-
tioned in the discussions. Plaintiff testified there was
no discussion between the parties about arrangements
for payment during the course of construction. The
monthly statements contain no indication that billing
was to be on a cost-plus basis.

Plaintiff relies on the case of Timmons v. Nelsen
(1954), 159 Neb. 193, 66 N. W. 2d 406, where this court
found a cost-plus contract. There, however, the facts
showed an unexecuted written contract was prepared
on a cost-plus 10 percent basis. Further, the monthly
statements contained a 10 percent charge which was
designated as "profit." None of these factors are pres-
ent in the instant case.

Plaintiff further argues that even if he failed to prove
the home was constructed on a cost-plus basis, he should
be permitted to recover for the reasonable value of his
overhead and profit. The difficulty with this conten-
tion, as the trial court found, is there is no evidence in

the record to establish the reasonable value of his overhead and profit.

There is nothing in the record to even suggest a 10 percent charge for overhead and profit except the final statement rendered by the plaintiff which brought on the dispute. Plaintiff argues the value of his services can be inferred from this statement. He argues it was defendants' burden to show the charge to be unreasonable. In the statement, the plaintiff itemizes. items of labor and material for a total of $35,557.92. He then adds "Overhead and Profit," $3,556.78, which is approximately 10 percent. He then adds "5% on Plb. & Heat & Elec" $270. He then shows a total of $39,384.70. These two additions are the items which were disputed. It was the plaintiff's burden to show the reasonable value of these charges.

We do not believe the reasonableness of the charges can be inferred from its mere presence on a statement which is disputed as soon as it is rendered. No attempt was made to show what these charges actually covered. No testimony was adduced on plaintiff's overhead. Even in the statement there is a difference in the charge — 10 percent in one instance, 5 percent in another. Plaintiff explains this by saying although he supervised the installation of the plumbing and heating, he only charged 5 percent because the defendants made direct payments to the subcontractor.

In Sorensen Constr. Co. v. Broyhill (1957), 165 Neb. 397, 85 N. W. 2d 898, where quantum meruit recovery for labor and materials was permitted, the court said: "As to supervision there is no evidence as to the amount required or reasonable value. * * * Attention has not been called to any rule that would allow a recovery of profit in a case such as the one presented by this record. This is not to say that profit may not be an element of recovery in an action based upon a cost-plus agreement." In Broyhill recovery on quantum meruit was allowed for labor and material, but a 10 percent

charge for supervision was not allowed because of failure of proof.

The case below was tried to the court. Our rule is well-established. Where a law action is tried to the court without a jury, the finding of the court has the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. Siefford v. Housing Authority (1974), 192 Neb. 643, 223 N. W. 2d 816.

For the reasons given, we affirm the judgment of the trial court.

AFFIRMED.