SPANHEIMER ROOFING & SUPPLY COMPANY, A
CORPORATION, APPELLEE, V. MRS. VERNER L.
THOMPSON, ALSO KNOWN AS LOIS C.
THOMPSON, APPELLANT, IMPLEADED
WITH METROPLITAN LIFE INSURANCE
COMPANY, A CORPORATION, APPELLEE.

255 N. W. 2d 265

Filed June 22, 1977. No. 41021.

Wilbur C. Smith of Smith & Hansen and Ivory Griggs, for appellant.

Ben F. Shrier, for appellee Spanheimer Roofing & Supply Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the judgment of the District Court finding that the plaintiff was entitled to a mechanic's lien on property of the defendant Thompson as a materialman and from the order of the court dismissing the defendant's counterclaim. The defendant appeals and assigns numerous errors but we have concluded that this court lacks jurisdiction to determine those issues and they will not be discussed. After trial to the court, the judge, by letter dated June 23, 1976, to all counsel, stated that the plaintiff was entitled to foreclosure of its mechanic's

lien and to an order dismissing defendant's counterclaim and requesting that counsel for the plaintiff submit a decree consistent with findings made by the court.

On June 30, 1976, the defendant filed a motion for new trial. On July 2, 1976, the court signed the decree submitted by plaintiff and on the same day entry of the decree was noted on the trial docket. On July 28, 1976, counsel for both parties appeared before the court for a hearing on plaintiff's motion to quash the defendant's motion for a new trial. The hearing on the motion was continued until August 6, 1976, at defendant's request. On August 6, 1976, a hearing was held on the plaintiff's motion to quash. The motion for new trial was quashed as having been filed prematurely. On August 6, 1976, the defendant gave notice of appeal.

Section 25-1143, R. R. S. 1943, provides: "The application for a new trial must be made, within ten days, * * * after the verdict, report or decision was rendered * * *." In Valentine Production Credit Assn. v. Spencer Foods, Inc., 196 Neb. 119, 241 N. W. 2d 541, the trial court, on September 24, 1975, signed a memorandum finding that the plaintiff's motion for summary judgment should be granted. Formal judgment was signed by the trial judge and filed October 1, 1975. In that case the plaintiff contended that the motion for new trial was required to be filed within 10 days of September 24, 1975. This court disagreed citing section 25-1301, R. R. S. 1943: " 'A judgment is the *final determination* of the rights of the parties in an action. (2) *Rendition* of a judgment is the act of the court, or a judge thereof, in *pronouncing judgment,* accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the *relief granted or denied* in an action.' " The court cited Fritch v. Fritch, 191 Neb. 29, 213 N. W. 2d 445, to the effect that: "No judgment is rendered until the pro-

nouncement thereof is noted on the trial docket." The effect of Valentine Production Credit Assn. v. Spencer Foods, Inc., *supra,* is clearly that until the judgment is pronounced, accompanied by an appropriate docket entry, a motion for new trial is premature. A memorandum or letter as in this case is not a report or decision within the meaning of section 25-1143, R. R. S. 1943.

"It is said that a motion for a new trial if made before all of the material issues have been disposed of is premature. A motion for a new trial if prematurely made is ineffectual." 58 Am. Jur. 2d, New Trial, § 187, p. 403. We have previously held that a motion for new trial not filed within 10 days after verdict, report, or decision is rendered is a nullity, Pallas v. Dailey, 169 Neb. 277, 99 N. W. 2d 6, so a motion for new trial filed prior to the rendition of a judgment must equally be said to constitute a nullity.

Section 25-1912, R. R. S. 1943, states: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court * * * shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, * * * or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal * * *." An appeal must be dismissed where notice is not filed within the time prescribed by section 25-1912, R. R. S. 1943. Giangrasso v. Eagle Distributing Co., 185 Neb. 406, 176 N. W. 2d 16.

No effective motion for new trial having been filed, the District Court was correct in quashing the premature filing, and no notice of appeal having been filed within 1 month of the date of the rendition of the judgment, this court acquired no jurisdiction. The cause is dismissed for want of jurisdiction.

APPEAL DISMISSED.

CLINTON, J., concurring.

The majority opinion says: "We have previously held that a motion for new trial not filed within 10 days after verdict, report, or decision is rendered is a nullity, Pallas v. Dailey, 169 Neb. 277, 99 N. W. 2d 6, so a motion for new trial filed prior to the rendition of a judgment must equally be said to constitute a nullity."

We have said numerous times that the motion for new trial serves two functions: (1) To inform the trial judge of the complained-of errors as a necessary condition precedent to our ruling on trial errors. (2) Its timely filing is necessary if the party wishes to use the date of the overruling of the motion as the beginning of the 1 month within which notice of appeal must be filed — otherwise time for appeal begins to run from "rendition of such judgment."

Heretofore we have always applied the "nullity" application to the filed-too-late cases. I suggest that the application of the so-called "nullity" principle to the so-called "premature" filings has nothing whatsoever to do with the accomplishment of either of the two purposes which we have said the motion for new trial is supposed to accomplish and that as applied here is hypertechnical and not required by the language of our statutes.

I wish to call attention to three statutes insofar as they pertain to the matter of appealing from the "rendition of such judgment."

Section 25-1143, R. R. S. 1943, says the "application for a new trial must be made, within ten days . . . after the verdict, report or *decision was rendered,* except . . . ." (Emphasis supplied.)

Section 25-1301, R. R. S. 1943, defines a judgment as the final determination of the rights of the parties and then defines two other terms: "(2) *Rendition of a judgment* is the act of the court, or a judge thereof, in *pronouncing judgment, accompanied* by the

*making of a notation on the trial docket,* or one made at the direction of the court or judge thereof, of the relief granted or denied in an action. . . . (3) *Entry of a judgment* is the act of the clerk of the court in *spreading the proceedings* had and the relief granted or denied *on the journal* of the court." (Emphasis supplied.)

Section 25-1912, R. R. S. 1943, provides for appeal to this court by filing a notice of appeal in the office of the clerk of the District Court "within one month after *the rendition of such judgment or decree,* or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause. . . ." (Emphasis supplied.)

The language of the statutes in the respect we are talking about is not congruent. Section 25-1143, R. R. S. 1943, refers to "decision was rendered," section 25-1301, R. R. S. 1943, refers to "rendition of a judgment" and "entry of a judgment," and section 25-1912, R. R. S. 1943, refers to "rendition of such judgment or decree" and to "overruling of a motion for a new trial."

Presumably when section 25-1301, R. R. S. 1943, was amended in 1961 it was intended to define clearly when certain acts were accomplished so that lawyers would know when they had to accomplish the next step. The truth is that no one looked at the other statutes with which there must be congruence.

First, in section 25-1143, R. R. S. 1943, the term "decision was rendered" must be interpreted to mean either "rendition of judgment" or "entry of judgment" whichever occurs first — because there will be occasions when there will be an "entry of judgment" without any "rendition of judgment." This would occur when the judge makes no "notation on the trial docket" but at some time signs a journal entry and it is filed.

Under section 25-1912, R. R. S. 1943, the notice of appeal must be filed within 1 month after "rendition

of judgment." It does not speak of "entry of judgment" as does section 25-1301, R. R. S. 1943. So, for purposes of section 25-1912, R. R. S. 1943, we have thus necessarily read "rendition of judgment" to include both "rendition" and "entry" under section 25-1301, R. R. S. 1943, and, of course, we do so because, as noted in the preceding paragraph there can be an "entry" of judgment, without a "rendition," if we take everything in the statutes literally. In short there is plenty of room for construction in our application of the statutes. I don't see any point in the circumstances of the case before us for equating "prematurity" with "late filing," as in Pallas v. Dailey, 169 Neb. 277, 99 N. W. 2d 6, cited in the majority opinion. Part of the problem is that we have in the past and still do use the term "nullity" when what we mean is "filed too late," that is, the deadline principle has been violated. Under the facts in this case this principle isn't violated and neither is the principle of letting the trial judge know what was being complained about.

Now let us consider three cases, including the one before us, and let us do it in light of the practical knowlege of how a District Judge must necessarily sometimes operate in a multi-county district and perhaps sometimes even in a single-county district. When, e.g., he has a case under advisement and makes up his mind when in his home county and away from the county where the case is, he writes a letter to counsel informing them of what he has decided. There is at that time no "rendition of judgment" because he can't make a notation on the trial docket. Neither is there an "entry of judgment" because no journal entry has as yet been signed and filed.

Now to consideration of the three cases.

Spanheimer

Letter memo — June 23rd — No entry on trial docket.

Motion for new trial — June 30th.

Decree signed — July 2d — therefore judgment has both been rendered and entered.

Counsel in this case knew what the "decree" was going to be because he was told in a letter — he jumps the gun — so he is out in the cold and so is his client.

> Valentine Production Credit Assn. v. Spencer Foods, Inc., 196 Neb. 119, 241 N. W. 2d 541.

Letter memo — September 24th — No evidence of entry on trial docket.

October 1 — "Entry of judgment," that is, journal signed and filed.

Motion for new trial — October 9th.

We overruled the contention in that case that the motion was too late and we did so properly, but I do not think that case necessarily demands the proposed outcome in the case of "prematurity."

Brandt v. Mayer, 196 Neb. 751, 246 N. W. 2d 203. The sequence of events was as follows, although dates are not shown.

Entry of judgment.

Motion for new trial filed (timely).

Judgment modified (this was the judgment appealed from).

No motion for new trial was filed as to the modified judgment. We there summarily dismissed the contention that because no motion for new trial had been filed as to the judgment appealed from that we could not consider trial errors. We did not in that case consider the motion filed before the modified judgment as a "nullity" even though certainly it was premature as to the judgment from which appeal was taken. In that case we said: "Defendants contend it was necessary for the plaintiff to file a motion for a new trial before processing this appeal. We determined it was not. The purpose of a new trial motion is to give the trial court an opportunity after

judgment to review and correct alleged errors in the previous proceeding." (Citing authority.) I cannot in principle distinguish the above case which we decided just a few months ago from the one at hand.

I am willing to grant that the majority opinion will create certainty. I am also willing to concede that the term "within ten days" in section 25-1143, R. R. S. 1943, literally read closes both ends. The motion must not only be not "too late," it also must be not "too early." Note, however, that statute speaks of the decision rendered.

I think that we propose being too hypertechnical in this case. However, I concur for the sake of laying down an absolutely certain rule because the majority wish to do so. I accompany it with this explanation so that all can see the state of confusion of these statutes.

McCOWN, J., dissenting.

I agree with Justice Clinton's conclusion that a "premature" filing of a motion for a new trial does not and should not be equated with a belated out-of-time filing. I believe that such an approach is hypertechnical and unjustified. The fact that a rule may be definite and certain does not necessarily mean that it is fair and just. Justice is often lost in a maze of technicalities.

BOSLAUGH, J., dissenting.

I agree with Judge Clinton that the problem in these cases is the rule that a motion for new trial filed prematurely is a nullity. The rule is a trap for litigants who try to comply promptly with section 25-1143, R. R. S. 1943.

I think the proper solution to the problem is to make the rule inapplicable where the trial court has notified the parties of its decision by letter or otherwise.