STATE OF NEBRASKA EX REL. RONALD D. KAIPUS ET AL., APPELLANTS, V. BOARD OF TRUSTEES OF SANITARY AND IMPROVEMENT DISTRICT NO. 113 OF DOUGLAS COUNTY, NEBRASKA, APPELLEE.

264 N. W. 2d 422

Filed April 5, 1978. No. 41297.

Victor L. Lich, Jr., of Lich, Herold & Mackiewicz, for appellants.

August Ross of Ross & Mason, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This action originated with a petition for mandamus brought by the relators to compel respondent to repair and maintain a drainageway lying behind relators' residence. The action was tried to the Dis-

trict Court which, in a decree dated December 19, 1973, found generally for the relators and required respondent to submit plans and specifications to the court for repair of the drainageway and restoration of relators' property. On October 14, 1974, a judgment in the sum of $13,500 was entered, by amended decree, in favor of relators pursuant to a stipulation of the parties.

On May 9, 1975, relators filed a motion for an order requiring respondent to pay the $13,500 judgment. On June 19, 1975, respondent filed a motion for an order vacating the judgment for $13,500. Hearings were held on these two motions on September 19, 1975, and July 7, 1976. At the conclusion of the hearing on July 7th, the District Court announced its findings and decision in favor of the respondent on both motions. The relators' judgment was to be reduced to $3,500. Counsel was directed to prepare and submit an appropriate order.

On July 16, 1976, the relators filed a motion for a new trial. On July 19, 1976, an order in the form of a second amended decree was presented to and signed by the District Court. On September 28, 1976, a hearing was held on relators' motion for a new trial. On December 14, 1976, the District Court found that relators' motion for a new trial was filed prematurely, before rendition of judgment; that it was of no force and effect; and ordered that it be stricken. On December 21, 1976, relators filed a second motion for a new trial which was overruled on February 1, 1977. Notice of appeal was filed on February 8, 1977. We conclude that we lack jurisdiction to entertain this appeal.

The situation at bar is governed by our recent pronouncement in Spanheimer Roofing & Supply Co. v. Thompson, 198 Neb. 710, 255 N. W. 2d 265 (1977). In that case, the District Court, after trial, announced its findings and decision in a letter dated June 23, 1976, to all counsel. Counsel for the prevailing party

was directed to submit an appropriate decree. On June 30, 1976, the defendant filed a motion for a new trial. On July 2, 1976, the District Court signed the decree and noted entry of the decree on the trial docket. On August 6, 1976, defendant's motion for a new trial was quashed and defendant gave notice of appeal the same day. We held that we lacked jurisdiction to hear defendant's appeal because no effective motion for a new trial had been filed, defendant's June 30th motion being premature and that no notice of appeal had been filed within 1 month of the date of rendition of judgment.

The District Court's journal entry on the docket of Wednesday, July 7, 1976, does not purport to be a decree or judgment in the case. It is captioned "ORDER." Its full context is as follows:

"At request of defendant, court reopens hearing.

"Defendant presents evidence.

"Court announces general findings.

"Order to be submitted."

This "ORDER" on the trial docket cannot be said to constitute the *rendition of a judgment* under our statutory scheme. § 25-1301, R. R. S. 1943; Valentine Production Credit Assn. v. Spencer Foods, Inc., 196 Neb. 119, 241 N. W. 2d 541 (1976); Fritch v. Fritch, 191 Neb. 29, 213 N. W. 2d 445 (1973). Relators' July 16, 1976, motion for a new trial was filed prematurely and was thus a nullity. Spanheimer Roofing & Supply Co. v. Thompson, *supra*. No effective motion for a new trial was filed within 10 days of the rendition of judgment, July 19, 1976. § 25-1143, R. R. S. 1943. No notice of appeal was filed within 1 month of that date. § 25-1912, R. R. S. 1943. Even if relators' first motion for a new trial were arguably effective, it was ordered stricken on December 14, 1977. No notice of appeal was filed within 1 month of that date.

Relators did file a second motion for a new trial on December 21, 1977, alleging as error the striking of

their first motion for a new trial. Relators' second motion for a new trial is of no avail. The time for appeal cannot be extended by a party with the successive filing of motions for new trial.

The appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.

BOSLAUGH and McCOWN, JJ., dissenting.

We dissent for the reasons stated in our dissenting opinions in Spanheimer Roofing & Supply Co. v. Thompson, 198 Neb. 710, 255 N. W. 2d 265.