STATE OF NEBRASKA, APPELLEE, V. ROBERT TEMPLE, APPELLANT.

432 N.W.2d 818

Filed December 16, 1988.   No. 88-078.

Clay B. Statmore for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon a plea of guilty to third degree assault, the defendant, Robert Temple, was fined $500 and costs and sentenced to 90 days in the county jail. Upon appeal to the district court, the judgment was affirmed.

The defendant has now appealed to this court. His assignment of error relates to the proceedings at the arraignment in the county court on August 20, 1987. The bill of exceptions of that proceeding shows the following took place:

> MR. STATMORE: Please enter the appearance of Clay Statmore for the defendant. Good morning. At this time the defendant, wishes to change his plea to Count 1 from

not guilty to guilty. And it's our understanding that the State would move to dismiss Count 2.

THE COURT: Is that correct, John?

MR. COLBORN: That is correct, Your Honor.

THE COURT: May we have the report on Count 1?

MR. COLBORN: State's evidence would be that July 6, 1987, Officer Snoad of the Lincoln Police Department made contact with a Pearl Temple, 7001 Hook Drive, here in Lincoln, Lancaster County, Nebraska. Pearl Temple reported that she'd gotten into an argument with her husband, the defendant. Stated that the defendant began choking her with his hands around her neck. She tried to get him to stop, was unable to do this. Stated that an Alvin Temple, who is the defendant's brother, then pulled the defendant off of her. The defendant was contacted and cited. All these events occurring in Lancaster County, Nebraska. There were marks on her neck that were — photographs were taken of.

THE COURT: Anything else?

MR. STATMORE: Your Honor, we're seeking probation in this matter. It's my understanding the State has no objection.

MR. COLBORN: Yeah, I have no objection to that, Your Honor, that a PSI be ordered. I think the victim —

THE COURT: 18th of September okay?

MR. STATMORE: 10th of September?

THE COURT: 18th.

MR. STATMORE: 18th of September. That'll be fine.

MR. COLBORN: That'd be fine, Your Honor. The victim has indicated to me that she feels the defendant needs counseling treatment. I pass that on to the Court.

THE COURT: Okay. You can go with the bailiff into the clerk's office. Order a presentence investigation. Find the defendant guilty Count 1. Count 2 is dismissed.

The "case action summary" for that date, apparently a record of notes made by the judge of the county court as to what took place during the proceeding, and which appears on page 5 of the supplemental transcript, shows the following:

CASE ACTION SUMMARY          Page ____of____
Criminal and Traffic
State vs. Temple, Robert          Case No. 87NO7-8350

Date AUG 20 1987          atty statement.
                              2
          Dismissed on motion of the County Attorney
_____ (Date)
                              1
Defendant changes plea to guilty. The Court hereby finds a factual basis for the entry of the plea, accepts the plea of guilty and enters judgment of conviction finding the defendant guilty as charged. Defendant fined $    1-    plus costs.

          /s/  Neal Dusenberry
                 Judge

The defendant contends that the notation on the case action summary was the imposition of a sentence and that the county court was without jurisdiction to impose a different and more severe sentence upon the defendant. The defendant relies upon the rule that a sentence validly imposed takes effect from the time that it is imposed and that a subsequent and different sentence is a nullity. *State v. Christiansen*, 217 Neb. 740, 351 N.W.2d 67 (1984).

The difficulty with the defendant's contention is that the record in this case shows that no sentence was imposed on the defendant at the hearing on August 20, 1987. After the sentencing hearing on September 18, 1987, the defendant appealed to the district court. On October 19, 1987, the district court remanded the case to the county court for a further hearing "to determine if crossed out sentence on page 5 of the transcript was in fact given."

The further hearing was held in the county court on December 18, 1987. The bill of exceptions for that hearing contains the following statements on the record by Judge Dusenberry explaining what happened in regard to the notation made on the case action summary on August 20, 1987:

> And going back on the page 5 that they're referring to was on August 20th, 1987 where Mr. Statmore present, count 2 dismissed on the motion of the county attorney. Then I

made a finding where a straight sentence stamp— and I think about that time, Mr. Statmore, you asked for a presentence investigation so I put two slashes through that and ordered a presentence investigation. So the stamp— first stamp that's crossed out is in error. Do you agree on that?

. . . .

. . . On page 5, there is an entry by me on the 20th of August, "Count 2 dismissed by the County Attorney" and it's dated and stamped— or put a stamp on there which is a straight sentence, and the defendant asked for— through his attorney asked for a presentence investigation and I crossed it off, but didn't put in there, "in error". . . .

. . . .

. . . Okay, for the record, this is a case that I handled initially back on the 20th of September [sic] and for your information, Mr. Statmore. Then on—and you can ask Ms. Thorson after we get out of here—on about 95 percent of the assault cases, there is a straight sentence, and it has been my practice since 1970—first of September to be exact—when an individual pleads guilty to a misdemeanor, at that time, I—I'm eliminating suspended license and drunk driving—at that time, I place a pleads guilty stamp on it so that I can go ahead and sign it while they're getting in the preliminary stuff and normally the first part of the report is preliminary which is really not—doesn't get to the crucial part, and that way we can expedite processing cases through this court so the stamp is placed on as was done on this case on the 20th of September [sic], and most attorneys that are going to ask for a presentence investigation do before they plead guilty and ask for a presentence investigation. That avoids the possibility of getting a stamp placed on here and alerts the Court that the defendant is interested in probation. And so that's the reason it was done on this particular case. It was placed—Count 1, I marked the Count 1, the fine I had not determined at the time and it was not announced, so it's not a sentence until it's announced. The form had been signed, it's true, but the sentence hadn't been pronounced,

and using the same form, I went ahead and filled it out and put $500 plus costs is on the stamp, plus 90 days in the jail, and still could have used the form, so there hasn't been any change in the thing so I'll affirm that it was in error and it'll go back up to the District Court. You may leave.

MR. STATMORE: Is the court saying that—if I might inquire that the original entry on August 20th was signed before the factual basis was given, or while it was given?

THE COURT: I always do that when it's on—what I just explained on the record. When the guy—when the individual in this case here plead [sic] guilty to Count 1, Count 2's dismissed, I just stamp it, "2's dismissed, 1 is—"put the stamp on it and 1—1 down there and sign it while—with the preliminary part, but they normally don't get to the crucial part of the officer's report until after I've added it. If I started getting into that, then I quit writing, but normally that's what's happened. That's what happened in this particular case here.

The notation on the case action summary for December 18, 1987, contains the following: "Stamp on 20 Aug 87 was entered in error. Defendant pled guilty, at which time stamp was placed on file after all evidence was presented. Defendants attorney asked for pre Sentence investigation, at which time court crossed off straight sentence stamp and used the presentence stamp."

The pronouncement of the sentence in open court in the presence of the defendant is an important part of the sentencing procedure in most criminal cases. In imposing sentence, the court should state with care the precise terms of the sentence which is imposed. It has long been the rule in this state that rendition of a judgment includes the announcement by the court of the judgment. See, Neb. Rev. Stat. § 25-1301(2) (Reissue 1985); *Ricketts v. Continental Nat. Bank*, 169 Neb. 809, 101 N.W.2d 153 (1960); *State ex rel. Kaipus v. Board of Trustees of S. & I. Dist. No. 113*, 200 Neb. 525, 264 N.W.2d 422 (1978).

Although, ordinarily, the record of a lower court imparts absolute verity, where there is a conflict between the record of a judgment and the verbatim record of the proceedings in open

court, the latter prevails. In *State v. Painter*, 223 Neb. 808, 811, 394 N.W.2d 292, 295 (1986), we said:

> The evidence disclosed in the bill of exceptions therefore corrects whatever error exists in the journal entry. In the case of *State v. Schroder*, 218 Neb. 860, 867, 359 N.W.2d 799, 805 (1984), we said: " '[W]hile a recital in a journal entry appearing in the transcript is presumptively true, an affirmative showing in the bill of exceptions that it is not true prevails over the presumption.' " See, also, *Waite v. State*, 169 Neb. 113, 98 N.W.2d 688 (1959).

See, also, *Kehl v. Omaha Nat. Bank*, 126 Neb. 695, 254 N.W. 397 (1934).

It is clear from the record in this case that Judge Dusenberry started to make a written record on August 20, 1987, of something that never happened. No sentence was ever imposed on the defendant on that date. The notation to the contrary was in error and should have been corrected, which was what Judge Dusenberry did.

The judgment of the district court is correct, and it is affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.