JACK WICKER, APPELLANT, V. ARTHUR VOGEL, APPELLEE.

521 N.W.2d 907

Filed September 23, 1994.   No. S-92-591.

Charles D. Hahn for appellant.

Richard H. Hoch, of Hoch & Steinheider, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

CAPORALE, J.

Claiming to be the owner of certain real estate, the plaintiff and present appellant, Jack Wicker, seeks to eject the defendant and present appellee, Arthur Vogel, therefrom. In a bifurcated trial reserving the issue of damages, the district court entered judgment on the verdict determining that Wicker was entitled to possession of the premises. After Vogel's motion for new trial was overruled, he appealed to this court. Because the judgment did not deal with the issue of damages, it did not dispose of all the material issues in the case and therefore was not a final order. Consequently, we dismissed the appeal for lack of jurisdiction. *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991). (Although one Ronald Waldemath, doing business as Waldemath Farms, Inc., was at one time a party to this action, he no longer is such.) Through a successor judge, the district court thereafter sustained Wicker's motion to dismiss his claim for damages. Vogel thereupon once again moved for a new trial. This time the district court, through the successor judge, sustained Vogel's motion, and Wicker appealed to the Nebraska Court of Appeals, claiming that the grant of a new trial was contrary to law. We thence, on our own motion, removed the matter to this court, under our authority to regulate the caseloads of the state's appellate tribunals. For the reasons hereinafter stated, we now affirm the judgment of the district court.

Wicker makes two contentions: first, that having been made years after judgment was initially entered on the verdict, the motion giving rise to this appeal was untimely, and second, that the overruling of the first motion bars a different ruling on the

subject motion.

As to Wicker's first contention, it is true that Neb. Rev. Stat. § 25-1143 (Reissue 1989) provides, in relevant part, that an "application for a new trial must be made, within ten days . . . after the . . . decision was rendered . . . ." However, Wicker overlooks the fact that since the initial judgment did not constitute a final order, it was a nullity so far as any appeal was concerned. *Wicker, supra.* That being so, Vogel's motion for a new trial at that point was likewise a nullity, as was the district court's ruling thereon. See, *State ex rel. Kaipus v. Board of Trustees of S. & I. Dist. No. 113*, 200 Neb. 525, 264 N.W.2d 422 (1978), *overruled on other grounds, Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979) (motion for new trial prematurely made is ineffectual); *Spanheimer Roofing & Supply Co. v. Thompson*, 198 Neb. 710, 255 N.W.2d 265 (1977), *overruled on other grounds, Pfeiffer, supra* (motion for new trial made before all material issues resolved is premature).

On the other hand, when the district court dismissed Wicker's claim for damages, the judgment on the verdict from that moment on became final and appealable, for it then resolved all the material issues before the district court. Inasmuch as Vogel filed his second motion for new trial within 10 days after entry of the second judgment on the verdict, the motion was timely.

We thus reach Wicker's second contention, in which he asserts that the doctrine of res judicata precludes the sustainment of a second motion for new trial when the first such motion was overruled.

The doctrine bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Smith v. Smith, ante* p. 193, 517 N.W.2d 394 (1994). Whatever else might be said about the applicability of the doctrine, it is obvious not only that there was no former final judgment, but that the parties are involved in but one action. The doctrine simply does not fit the situation.

Neither does the law-of-the-case doctrine apply. Under that doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 488 N.W.2d 343 (1992). Once again, the difficulty is that Vogel's first motion for new trial was ineffectual. Thus, the district court's denial of a new trial on that motion could have no effect on the second motion.

There is authority for the proposition that a successor judge should respect a decision made by a predecessor judge on the same case. *Carmichaels Arbors Associates v. U.S.*, 789 F. Supp. 683 (W.D. Pa. 1992); *United States v. Wheeler*, 256 F.2d 745 (3d Cir. 1958), *cert. denied* 358 U.S. 873, 79 S. Ct. 111, 3 L. Ed. 2d 103; *TCF Film Corporation v. Gourley*, 240 F.2d 711 (3d Cir. 1957). However, the concept is more a statement of policy than a reflection of the limits of the successor judge's power. See *Slotkin v. Citizens Cas. Co. of New York*, 614 F.2d 301 (2d Cir. 1979). Indeed, Wicker cites no authority for his notion that a trial court cannot, during the course of a proceeding, change its interlocutory rulings, and we are aware of none. The important consideration is that the ultimate ruling be legally correct. Wicker makes no claim that on the merits it was error to grant a new trial.

AFFIRMED.

WRIGHT, J., participating on briefs.