CAROL W. BAKER, APPELLEE, v. GEORGE L. BAKER, APPELLANT.

267 N. W. 2d 756

Filed July 19, 1978. No. 41579.

D. Nick Caporale and Mark L. Goodall of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Steven J. Lustgarten of Gitnick & Lustgarten, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and FAHRNBRUCH, District Judge.

WHITE, C. THOMAS, J.

This is an appeal by the respondent-husband from the division of property and award of alimony pursuant to a decree for dissolution of marriage.

The parties had been married 21 years at the time the petition for dissolution of marriage was filed. The two children born of the marriage are of legal age. The parties were married while attending college. After marriage, the petitioner-wife, who had completed 1 year of college, discontinued her studies. For the duration of the marriage, the wife's primary duties were those of wife and mother. She has no special skills and was engaged in employment outside the home only during the early years of the marriage and only on a limited basis. She is currently employed as a domestic, cleaning office buildings for 20 hours per week at a pay rate of $3 per hour.

The respondent-husband is a certified public accountant who is a partner in a national accounting firm. His income has steadily and substantially increased since joining the firm. His adjusted gross income for 1974 was $36,818 and for 1975 was $51,400. He estimated his gross earnings for 1976 to be over $60,000.

The District Court awarded the petitioner $900 per month alimony for 121 months, to terminate upon death or remarriage. The alimony award is to be secured by respondent's life insurance policies. The court also awarded attorney's fees to the wife of $3,500.

The parties had approximately $200,000 worth of real and personal property which the court divided equally. In addition, there were a number of negotiable bonds contained in a safe deposit box at a local bank in the names of the parties. The bonds are of a value in excess of their face value of $125,-000. The petitioner filed her petition for dissolution on July 1, 1976. Prior to filing the petition, the petitioner inventoried the contents of the safe deposit box. Negotiable bonds which were in the box at the time of inventory were removed by the respondent subsequent to the filing of the petition. The respond-

ent kept the bonds in his desk drawer under his control and later delivered them to White, Weld & Company in the names of the parties' children.

The trial court found the transaction involving the bonds did not constitute a valid gift between the respondent and the children and the intention of the respondent was to prevent the petitioner from receiving her share of the assets. The court held that the bonds remained the marital assets and were subject to equal division between the parties.

Respondent's assignments of error relate to that part of the decree which adjudged that the transfer of the negotiable bonds to a safekeeper for the benefit of the children did not constitute a valid gift, and to the alimony award together with the attendant order requiring that the respondent's life insurance be kept as security for the alimony payments.

Primarily, the respondent challenges the jurisdiction of the court to pass on the validity of the gift from the respondent to the children without the presence of the transferees, i.e., the children, in court. We are inclined to agree. Without discussing whether strict formality attaches to a gift between parent and child and whether acceptance in a given circumstance may be presumed, the fact is that even respondent concedes that a court cannot adjudicate the rights of a transferee of a gift without having the transferee in court since his rights may be adversely affected thereby. See, Atkins v. Atkins, 18 Neb. 474, 25 N. W. 724; Caldwell v. Caldwell, 5 Wis. 2d 146, 92 N. W. 2d 356. While the trial court was in error in directing that the gift be set aside, this does not afford any relief to the respondent. It is undisputed in the record, regardless of whatever intention the respondent may have had, that the negotiable bonds were solely in the exclusive possession of the petitioner and respondent at the time of the filing of the action and were marital assets. The determination of one of the parties to a marriage to place property

beyond the reach of the other party, and thus forestall a division of the property, does not operate to deprive the District Court of jurisdiction to determine an equitable division of those assets.

The respondent does not question the division of the property other than the negotiable bonds, the subject of the gift to the parties' children. Therefore, the court's decree will be modified to provide that the respondent shall be ordered to pay to the petitioner one-half of the $125,000 acknowledged minimum fair value of the bonds or $62,500 in addition to the other property awarded her by the District Court.

Generally, awards from one-third to one-half of the property involved in a marriage of long duration, and where the parties were the parents of all the children involved, will not be changed by this court. The award in this case is one-half of the net assets of the marital estate. We find no abuse of discretion by the trial court. See, Grummert v. Grummert, 195 Neb. 148, 237 N. W. 2d 126; Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430.

It is well-established that alimony may be awarded in addition to a property settlement. See, § 42-366, R. R. S. 1943; Magruder v. Magruder, 190 Neb. 573, 209 N. W. 2d 585.

Section 42-365, R. S. Supp., 1976, provides that when dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment.

The ultimate test of alimony provisions in a decree of dissolution is one of reasonableness. See, Albrecht v. Albrecht, 190 Neb. 392, 208 N. W. 2d 669; Corn v. Corn, 190 Neb. 383, 208 N. W. 2d 678. It is obvious that the respondent is not yet at the peak of his earning years. He has an income substantially in

excess of $50,000 per year with reasonable expectations that the same shall continue to grow. The petitioner has no formal education beyond 1 year in college and no particular saleable skills or training. The parties have successfully raised a family and, even with the property settlement award, a drastic curtailment in the petitioner's lifestyle is to be expected. The court considered all these matters in making its award and we are not prepared to say that the trial court abused its discretion in so doing; nor are we prepared to state that the trial court abused its discretion in requiring security for the alimony payments.

The petitioner is awarded $1,000 for attorney's fees in this court. The judgment of the trial court is affirmed as modified.

AFFIRMED AS MODIFIED.