GERALD L. MORRIS, APPELLANT AND CROSS-APPELLEE,
V. MARGARET A. MORRIS, APPELLEE AND
CROSS-APPELLANT.

268 N. W. 2d 431

Filed July 26, 1978. No. 41576.

Healey, Healey, Brown, Wieland & Glynn and Tye, Worlock, Tye, Jacobsen & Orr, for appellant.

Knapp, State, Yeagley, Mues & Sidwell, for appellee.

Wright & Simmons, for amicus curiae.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and FAHRNBRUCH, District Judge.

McCOWN, J.

This is an action for dissolution of marriage. The District Court found the marriage was irretrievably broken and entered a decree of dissolution. The court granted custody of the four minor children of the parties to the wife, and awarded child support. The court also made a property division, and

awarded alimony to the wife. The husband has appealed.

The parties were married September 2, 1961. At that time the husband was in his sophomore year in medical college. The wife was a college graduate and a qualified medical technologist. After the marriage the wife continued to work as a medical technologist and contributed her earnings and the income from her personally owned securities to the marriage. The husband's father provided a substantial portion of the husband's medical school expense. The husband was graduated from medical college in 1964. Thereafter he completed a 1-year hospital residency and 2 years active duty in the United States Army. During this time the wife continued to work. Her income was used for support, and the bulk of the husband's salary was invested in jointly held savings and securities. Upon completion of his Army duty the husband returned to Omaha and entered a hospital residency in pathology. His residency was completed in 1971, the family moved to Kearney, Nebraska, and the husband entered private practice as a pathologist. His adjusted gross income was $36,137 in the year he began private practice, and increased steadily thereafter. In 1975 his gross income was $72,134, and in 1976, the year preceding trial, his gross income was $80,327.

The wife continued to work until the first child was born on September 1, 1967. After the birth of the first child she resumed working and continued to work until March 3, 1969, when the second child was born. She did not work thereafter. The third child was born September 30, 1970, and the fourth child was born in Kearney on July 21, 1972. In June 1976, the husband moved out of the family home and on August 26, 1976, filed his petition for dissolution of marriage.

On June 14, 1977, the District Court entered its

decree dissolving the marriage and awarding custody of the four minor children to the wife, subject to reasonable visitation rights in the husband. The court awarded the sum of $200 per month child support for each of the children until each child reaches 19 years of age, or until further order of the court. The court also made a property division. The wife was awarded approximately $17,000 of securities and funds owned by her prior to the marriage. The husband was awarded his interest in his individual retirement fund valued at approximately $14,000. The wife was awarded the family home, subject to mortgage indebtedness of approximately $59,000. The home was valued at approximately $125,000 by the husband's appraiser, and at approximately $102,000 by the wife's appraiser, and the equity interest was valued at $43,000 or $65,000, depending upon which appraisal was accepted. The husband was awarded a ranch purchased by the parties on contract on which there was a balance due of over $80,000. The husband's appraisal of the value of the ranch was $111,000, while the wife's was $133,000. The equity interest was valued at $25,000 or $47,000, depending upon which value was accepted. The court also awarded to each party a 1/6th interest in a partnership known as Morris-Rein-Morris Company, which owned and operated apartment properties. The household goods and the remaining personal property were divided between the parties. Additional personal property received by the husband was valued by him at approximately $22,000 and by the wife at approximately $27,000. Additional personal property received by the wife was valued by her at approximately $15,000 and by the husband at approximately $16,000. Each party was directed to pay specified indebtedness.

The District Court also ordered that the husband pay alimony to the wife in the sum of $1,000 per month until the death or remarriage of the wife, but

not to exceed 144 months, and awarded attorney's fees for the wife's attorney in the sum of $500.

The husband has appealed and the wife has cross-appealed.

No issues as to custody or child support are raised by the husband. He assigns two specific alleged errors. He contends first that the court erred in awarding alimony to the wife. The contention is that there is no basis for an alimony award because the wife is a qualified medical technologist, under 40 years of age, and able to return to her professional employment. The contention ignores the interests of the children, and the desire of the wife to continue to care for them properly.

It cannot be realistically doubted that raising four small children is a full-time task. The wife has not been employed outside the household for more than 8 years, and the four children, at the time of the decree here, were 5, 6, 8, and 9 years old. If the alimony payments continue for the full period of 144 months, the youngest child will be approximately 18 years old. The income of the husband is substantial and is likely to continue to rise. It should also be noted that the alimony payments here are deductible by the husband and taxable to the wife.

Section 42-365, R. S. Supp., 1976, provides in part: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." Virtually all

the factors specifically mentioned in the statute are applicable in this case.

The statute imposes the rule of reasonableness and the fixing of the amount of alimony in each case rests within the sound discretion of the trial court. See Mathias v. Mathias, 194 Neb. 598, 234 N. W. 2d 212. There was clearly no abuse of discretion here.

The husband also contends that the District Court erred in awarding each party a 1/6th interest in a partnership in which the remaining partnership interests were owned by the husband's parents and his sister and her husband. The contention is that an award which continues the wife's interest in a partnership with the husband and his family is patently unfair and constitutes an abuse of discretion. No authority is cited in support of the contention and the facts fail to support it.

The parties here acquired their partnership interests in 1973 for an original investment of $4,000. The partnership owns and operates apartment properties in Gering, Nebraska. There is a sharp disagreement as to the value of the 1/6th partnership interest of each party. There is no evidence as to the terms of the partnership agreement or of any of its provisions for dissolution or termination. The husband acknowledged that marital funds were used for the initial investment, and that husband and wife each had an equal interest in the partnership. In any event, the equal division of the partnership interest was requested by the husband in this case, and counsel for both parties suggested to the court that the partnership interest be equally divided. We have held that on appeal a party ordinarily cannot successfully assert error in a judgment that granted him the relief demanded by his pleadings. See Saum v. L. R. Foy Constr. Co., Inc., 190 Neb. 783, 212 N. W. 2d 648. It should certainly be true that on appeal a party to a divorce proceeding cannot ordinar-

ily successfully assert error in a property division requested and obtained by him in the trial court.

We turn now to the cross-appeal of the wife. She contends first that the court erred in failing to require the husband to pay for health, medical, and dental expenses of the children during minority, or, in the alternative, to grant sufficient child support to cover such expenses. There is insufficient evidence as to medical expense to support the contention. In any event, allowances for child support are not final but are subject to modification when required, after notice and hearing. See Francis v. Francis, 195 Neb. 417, 238 N. W. 2d 468.

The wife also contends that the allowance of $500 for the services of her attorney in the trial court is inadequate and does not represent the value of the services of her attorney in this litigation. The record shows that the trial court granted temporary attorney's fees in the sum of $300, and made an additional allowance in the decree in the sum of $500. An award of attorney's fees in a divorce action involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation of the case, the skill devoted to preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services. Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436. The case now before us is not an ordinary or typical divorce action. The record establishes that the amount involved, the services performed, the result obtained, the time required, and the customary charges of the bar in similar cases require an additional award. Under the circumstances of this case an additional award of $3,000 is appropriate for legal services rendered in connection with the proceedings in the District Court. We also make an additional award of $1,500

for services rendered by the wife's attorney on appeal.

We therefore modify the award of attorney's fees made by the District Court to $3,500, and award an additional $1,500 for services rendered on appeal. As modified the judgment of the District Court is affirmed.

AFFIRMED AS MODIFIED.