KENNETH D. ERICKSON, APPELLEE, v. MARY L.
ERICKSON, APPELLANT.

275 N. W. 2d 345

Filed February 13, 1979. No. 41920.

E. H. Powell, for appellant.

David B. Downing, for appellee.

Heard before SPENCER, McCOWN, CLINTON, and WHITE, JJ., and WARREN, District Judge.

WARREN, District Judge.

This is an appeal from a dissolution of marriage decree. Respondent-appellant, the wife, attacks the

trial court's determination of child support, the division of property, and the court's failure to award alimony to her.

The parties were married on December 7, 1968. Two children, ages 3 and 6 years at the time of trial, were born of the marriage.

Petitioner is an alcoholic, also suffering from hypoglycemia, who sold fertilizer and hauled propane until the parties purchased and moved onto 80 acres northeast of Superior, Nebraska, in 1974. Since that time petitioner has done sporadic farm work. He is a high school graduate.

Respondent, age 29 at the time of trial, had 2½ years of college before her marriage and is presently attending nursing school in Hastings, from which she will graduate as a registered nurse in September 1980. She worked as a bookkeeper and cashier for the city of Superior in 1969 and 1970, contributing between $2,000 and $3,000 in wages to the family each of those years. Since then, the adjusted gross income of the parties, consisting entirely of petitioner's wages and the farm income of the parties, has, with one exception, steadily declined from $7,397.19 in 1971 to $3,428.36 in 1976. The exception was 1975 when petitioner's father hired him and paid him gross wages of $6,904. Other income in 1975 totaled $3,349.03.

The standard of living of the family has been meager. Respondent's parents helped make the dilapidated farm home liveable and contributed heavily to the support of their daughter and the two children. Petitioner's father contributed the use of his farm machinery. Respondent and the two children left the family home on December 20, 1976, and have resided since that time in the home of her father, E. H. Powell, an Aurora attorney. Petitioner has not paid any child support or temporary alimony. The court awarded custody of the two minor children to respondent, with reasonable rights of visitation in

petitioner, and ordered petitioner to pay a total of $125 per month child support.

Respondent assigns as error the trial court's allowance of child support of only $62.50 per child per month. While this court has judicially noticed in Pfeiffer v. Pfeiffer, 201 Neb. 56, 266 N. W. 2d 82 (1978), that under present economic conditions $100 per month is far less than the actual cost of caring for a child in an acceptable manner, there are circumstances where the husband simply does not have sufficient earnings to pay such an amount. Respondent urges total child support of $150 per month should have been allowed. However, the trial court recognized that to order an admitted alcoholic of long standing, with an average gross income of approximately $285 a month, to pay more than 50 percent of his income as child support would be an exercise in futility. Without countenancing the conduct of the petitioner, the court must recognize the very real disability existing by reason of petitioner's alcoholism. As the trial court noted, the option remains with respondent to apply for an increase in child support if petitioner's income materially increases.

"Allowances for child support are not final but are subject to modification when required, after notice and hearing." Morris v. Morris, 201 Neb. 479, 268 N. W. 2d 431 (1978).

"[I]n determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. In determining those circumstances, the financial position of the husband as well as the estimated costs of support of the children must be taken into account. A decision on this matter rests in the sound discretion of the trial court and will not be disturbed on appeal unless it appears that the court abused its discretion." Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231 (1975). We conclude that the trial court did not abuse its dis-

cretion in fixing child support.

The 80-acre dryland farm was purchased in 1974 for $25,000, the purchase price being obtained from an $18,000 loan from the Farmers State Bank in Superior, which was cosigned by petitioner's father, Leslie Erickson; and from a $7,000 direct loan from respondent's father, E. H. Powell. In 1975, the 80 acres was mortgaged by the parties to the Farmers Home Administration for $15,000, and the proceeds were used to repay E. H. Powell the $7,000 loan, and to reduce the indebtedness to the Farmers State Bank by $8,000. At the time of trial, the parties owed FHA $15,215 on the real estate mortgage. In addition, Kenneth Erickson owed the Farmers State Bank a total of $17,552.63 on two unsecured notes, one of which was cosigned by his father, Leslie Erickson, in the amount of $15,008.63. This bank indebtedness is not a lien on the 80-acre farm. Opposing expert witnesses placed the value of the farm at the time of trial at $25,200 and $30,000 respectively. The $30,000 appraisal was professionally made on the basis of comparable sales and was clearly entitled to greater weight and credibility than the $25,200 appraisal by an auctioneer-real estate broker.

The court awarded the 80 acres to petitioner, subject to the FHA mortgage, and ordered him to pay the entire bank debt. While the $17,552.63 bank debt was not the individual debt of respondent, it is a debt of the marriage, and $10,000 plus interest of the amount remains unpaid from the original loan used to purchase the 80 acres. The remaining portion appears to have been from unpaid interest and normal farm operating loans. It is obvious that even with a $30,000 valuation of the 80 acres, the total debt of $32,767.63 left petitioner in a precarious financial position. Balancing the excess of debts over assets, the court awarded petitioner a 1975 Chevrolet pickup which was unencumbered. Respondent was awarded a 1976 Chevrolet station wagon, but her testimony

was uncontradicted that the funds to purchase the vehicle were a recent gift to her alone from her father and title was placed in the donor and donee jointly. As such, it was not property accumulated by the joint efforts of the parties.

The only remaining assets consisted of household goods, tools, and an old Ford tractor purchased in 1974 for $875. The bulk of the household goods and furniture was awarded to respondent. She complains of the award of such items as the tractor, drapes, carpet, refrigerator, stove, window air-conditioner, and tools to the petitioner. Such items had little market value and the court properly determined that their principal utility was in connection with the use of the farm. Respondent claimed that some of the items so awarded to petitioner were gifts to her, but the evidence was entirely lacking in the degree of specificity necessary for the court to be able to determine which items were brought into the marriage by the respective parties, which were gifts, and whether the gifts were to the marriage partners or specifically to one of the parties to the exclusion of the other.

The sad fact is that after payment of their debts the parties had little or no equity in property to divide. The court equitably divided what there was.

"A division of property which is not patently unfair will not ordinarily be disturbed by this court on appeal." Nickel v. Nickel, 201 Neb. 267, 267 N. W. 2d 190 (1978).

The final assignment of error is the most compelling. Respondent contends she should have been awarded alimony.

"When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, in-

cluding contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." § 42-365, R. S. Supp., 1978; Morris v. Morris, 201 Neb. 479, 268 N. W. 2d 431 (1978).

"The ultimate test of alimony provisions in a decree of dissolution is one of reasonableness." Baker v. Baker, 201 Neb. 409, 267 N. W. 2d 756 (1978).

"Although alimony and allocation of property rights are distinguishable and have different purposes in marriage dissolution proceedings, they are still closely related in the matter of determining the amount to be allowed, and circumstances may require that they be considered together to determine whether the court has abused its discretion." Hansen v. Hansen, 199 Neb. 462, 259 N. W. 2d 912 (1977).

"Alimony, support, and property settlement issues must be considered together to determine whether the trial court abused its discretion." Van Cleave v. Van Cleave, 201 Neb. 211, 266 N. W. 2d 900 (1978).

A review of the record convinces us the trial court did not adequately consider the fact that respondent interrupted her nursing education by her marriage to petitioner and her subsequent raising of the children; and that she has now had to leave the family home, establish a new home for herself and the children, and undertake a 3-year program of education before she will be able to provide sufficient earnings to make up the difference between the actual cost of supporting the two small children and the meager amount petitioner is able to pay. She will have a difficult and expensive period of readjustment and no assets with which to pay for it. In addition, petitioner paid no temporary child support or temporary alimony after the December 1976 separation, and he

has had the use and possession of the farm home and the 80 acres since that time. We find that this failure to allow alimony amounts to an abuse of discretion, and that respondent should be allowed alimony in the sum of $5,000 payable by petitioner on or before December 1, 1979, which alimony judgment shall not be terminable by the death or remarriage of either party, shall bear interest at 8 percent from the due date, and shall be a second lien on the 80-acre farm subject only to the FHA mortgage.

Costs are taxed to the petitioner, including an attorney's fee of $300 for respondent's attorney for his services in this court.

The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.