GEORGE W. SLAMA, APPELLANT, v. WILMA M. SLAMA, APPELLEE.

280 N. W. 2d 633

Filed June 5, 1979. No. 42287.

Miles W. Johnston, Jr. and Johnston, Grossman, Johnston, Barber & Wherry, for appellant.

Jerry L. Snyder, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and TESAR, District Judge.

TESAR, District Judge.

This is an appeal by the petitioner-husband from a division of property and an award of alimony pursuant to a decree for dissolution of marriage.

The parties had been married for 30 years at the time of trial. Three children were born of the marriage, all of whom are of legal age or emancipated. Both parties at the time of trial were age 51, and the husband was self-employed and engaged in the grading business. Respondent-wife was employed as a waitress, having no special skills, and her only training or experience for future employment would be working at a soda fountain or in a restaurant. She is presently employed at the Nebraska Student Union and earns a salary of $180 every 2 weeks. She has health problems, which include a nervous condition for which she is taking medication, and she is suffering from varicose veins, aggravated by her present employment which requires standing on her feet for long periods of time. The petitioner, on the other hand, recently underwent a physical examination and was found to be in good health. He owns and operates his own grading business, which is seasonal in nature, but in winter months he engages in snow removal for local business establishments.

At the time of trial the only witnesses who testified with reference to the parties' property, their earnings, and the value of their holdings were the two litigants. During the course of the marriage the par-

ties accumulated a great number of valuable antiques. Among these properties was a 1907 Ford automobile which had been given to petitioner by his father during the course of the marriage, but which the petitioner reconveyed to his father after the divorce proceedings were instituted. Petitioner also removed many other valuable antiques from the residence of the parties, and the court was asked to determine their value, without the aid of expert advice. A decree was entered granting a division of the parties' assets and granting alimony to respondent in the sum of $200 per month for a period of 5 years.

At the very outset, we wish to point out that the evidence with reference to the value of various items of property, both real and personal, is conflicting and is less than satisfactory for the purpose of making an absolutely accurate determination as to the fairness of the division and the award by the trial court. While it is difficult to determine with absolute accuracy from the record before us, without expert advice, the value of the property of the parties, the record would support as follows:

| **Awarded to wife** | **Valuation** |
|---|---|
| House of parties | $ 22,500 |
| Automobile (equity) | 700 |
| Household furnishings, including antique pump organ and antique dishes | 5,500 |
| Antique watches | 500 |
| **Awarded to husband** | |
| Balance due on land contract | 10,000 to 10,400 |
| Business and business assets | 12,000 |
| Automobiles | 800 |
| Coin collections (antique) | 3,000 |
| Gun collection (antique) | 2,500 |
| Antique (1) canes, (2) marble game, (3) desk, and a movie camera, projector, and screen | no valuation shown |
| Antique 1907 Ford auto | 5,000 |

In addition to the above distribution, petitioner was required to pay the indebtedness for back taxes and special assessments on the real property awarded to respondent, which amounted to approximately $1,300, and to pay her counsel fees in the sum of $750.

Petitioner's first assignment of error relates to the court's failure to set forth in its decree specific findings as requested by him, on motion, subsequent to trial, relative to the value of the real and personal property divided between the parties. This court is aware of section 25-1127, R. R. S. 1943, which provides, in substance, that when requested the court shall state in writing the conclusions of fact found separately from the conclusions of law in a law action tried to the court without a jury. It is true that said findings and conclusions are for the benefit of the litigants, their counsel, and for a reviewing court. In Dormer v. Dreith, 145 Neb. 742, 18 N. W. 2d 94, this court held that when such request is made, *even in an equity case*, the court should accede to the request. In this case, the only witnesses as to value were the petitioner and respondent, and since this is a trial de novo on the record made, we find no prejudicial error and proceed to decide the matter. We do now hold, however, in future contested proceedings for dissolution of marriage, that upon proper and timely request being made for determination of value of property being awarded to the parties, the trial court shall state in writing the conclusions of fact found separately from the conclusions of law. In this connection, this court finds that the 1907 Ford automobile, which was conveyed back to petitioner's father after the divorce proceedings were commenced, must be charged against the petitioner's share of the marital estate. In Baker v. Baker, 201 Neb. 409, 267 N. W. 2d 756, this court said: "The determination of one of the parties to a marriage to place property beyond the reach of the other party,

648

and thus forestall a division of the property, does not operate to deprive the District Court of jurisdiction to determine an equitable division of those assets."

Since the main thrust of petitioner's appeal centers on the propriety of the property division and the award of alimony, we cite the established holdings of this court in that regard. In Pfeiffer v. Pfeiffer, *ante* p. 137, 277 N. W. 2d 575, we said: "The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable." To the same effect, see Hanisch v. Hanisch, 195 Neb. 204, 237 N. W. 2d 407. In Baker v. Baker, *supra,* this court said: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be *reasonable,* having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment. The ultimate test of alimony provisions in a decree of dissolution is one of reasonableness." (Emphasis supplied.)

In Brus v. Brus, *ante* p. 161, 277 N. W. 2d 683, this court said: "In an appeal from a decree of dissolution of marriage, this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite." See, also, Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466.

And finally, in Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231, we said: "An award of alimony or distribution of property may be altered on appeal where the record reflects good cause."

While it is difficult to determine accurately from the record the value of the property awarded to each

party, it would seem that the court intended the additional award of alimony to be considered as part of the total adjustment between the parties. The most important consideration here is whether the income of the petitioner is sufficient to carry out the court's intention as expressed in the decree. We do not think petitioner can "cut the mustard" on the basis of this record of his earnings. In order to provide him some measure of relief, in view of the fact he must pay the back taxes on the realty awarded to respondent as well as the attorney's fee awarded in the decree, we feel the alimony award should be reduced to $100 per month for a period of 5 years. For all practical purposes, this division of the property and alimony results in an even distribution of the assets of the parties. We feel that the facts of this case constitute good cause for modifying the decree of the trial court in order to accomplish the objective sought by the court for the benefit of both parties.

Accordingly, the decree of the trial court is modified to require petitioner to pay alimony at the rate of $100 per month for a period of 5 years. Costs are taxed to petitioner, including a $350 attorney's fee for respondent's counsel for services in this court.

AFFIRMED AS MODIFIED.