NICOLE L. POOL, APPELLANT, V.
THARNWELL J. POOL, APPELLEE.
613 N.W. 2d 819

Filed July 11, 2000.   No. A-99-835.

Jeffrey L. Hansen, of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellant.

James L. Zimmerman, of Sorensen & Zimmerman, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

Sievers, Judge.

Nicole L. Pool filed a petition for modification of the parties' divorce decree in order to increase Tharnwell J. Pool's child support obligation for their two children. The district court increased the child support, but based it on a joint physical custody arrangement, which Nicole asserts was error.

## BACKGROUND

Nicole and Tharnwell's 6-year marriage was dissolved pursuant to a decree entered on March 8, 1996, by the district court for Scotts Bluff County. The parties had two children during the marriage: Christopher, born April 9, 1991, and Alexander, born May 27, 1993. The original decree ordered that the parties would have joint custody of the children. The court ordered child support to be paid by Tharnwell in the amount of $158.71 per month.

On August 20, 1998, the district court entered an order modifying the parties' original decree. The court found that based upon a material change in circumstances and in the best interests of the children, Nicole was to have the care, custody, and control of the children, thereby ending the joint custody. The court modified Tharnwell's visitation and increased his child support obligation to $215.33 per month. The support obligation of $215.33 was calculated using the joint physical custody worksheet from the Nebraska Child Support Guidelines, on the basis that Nicole would have the children in her custody 66⅔ percent of the time and Tharnwell would have physical custody 33⅓ percent of the time. Tharnwell's visitation consisted of the following: every other weekend, plus an additional weekend day per month; weekday visitation two times a week from 4 to 8 p.m.; alternating holidays; and extended summer visitation continuously from June 1 to July 31 each year. During Tharnwell's summer visitation, Nicole was granted visitation with the children every other Saturday from 8 a.m. to 8 p.m.

On March 16, 1999, Nicole filed a petition for modification due to a decrease in her income and an increase in Tharnwell's income. After a hearing, the district court found that there was a material change in circumstances with regard to the parties' incomes and entered an order on June 29, 1999, which increased

Tharnwell's child support obligation to $396.33 retroactive to April 1, 1999. The court based this calculation on the joint physical custody worksheet provided in the child support guidelines. The court explained from the bench that it did not find a material change in circumstances with regard to the amount of time that each party spent with the children and noted that while the court may have erred in ordering child support based on joint custody at the previous modification, it was not going to revisit that issue, because it was not appealed after the previous order of August 20, 1998, was entered.

Nicole's motion for a new trial was denied, and she has timely appealed.

## ASSIGNMENT OF ERROR

Nicole asserts that the district court erred in calculating child support based on joint custody, even though she has sole custody.

## STANDARD OF REVIEW

An appellate court reviews modifications of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Groseth v. Groseth*, 257 Neb. 525, 600 N.W.2d 159 (1999); *Smith-Helstrom v. Yonker*, 253 Neb. 189, 569 N.W.2d 243 (1997); *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). Although in conducting a de novo review of a modification of a dissolution decree an appellate court reaches a conclusion independent of the trial court, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Smith-Helstrom v. Yonker, supra*; *Schuelke v. Wilson*, 250 Neb. 334, 549 N.W.2d 176 (1996).

## ANALYSIS

Nicole argues that the district court erred in calculating child support based on the joint physical custody worksheet. Tharnwell does not cross-appeal the finding of the district court that there has been a material change in circumstances with regard to the parties' incomes so as to justify the modification of

child support. The district court relied on its previous modification order, which calculated child support based on the joint custody worksheet, even though Nicole was granted sole physical custody. That previous order had also restructured Tharnwell's visitation with the children. The joint custody worksheet was used in both instances apparently because the trial court found that the children spent about 61 percent of the time with Nicole and about 39 percent of the time with Tharnwell. Nicole asserts that the court should have used the sole physical custody worksheet and that during the extended summer visitation, Tharnwell's support obligation would be reduced according to the child support guidelines.

In general, child support payments should be set according to the guidelines established pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 1998). *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999); *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). Although the guidelines are not to be applied with blind rigidity, child support shall be established in accordance with the guidelines, unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order. § 42-364.16.

If trial evidence establishes a joint physical custody arrangement, courts will so construe it, regardless of how prior dissolution decrees or court orders have characterized the arrangement. *Elsome v. Elsome*, 257 Neb. 889, 601 N.W.2d 537 (1999). Where a party proves that joint physical child custody exists, it is error for a trial court to refuse to use a joint custody calculation to determine child support. *Id.* We see the issue here as whether a joint physical custody arrangement exists between Nicole and Tharnwell justifying the trial court's calculation of support using the joint custody worksheet. Tharnwell asserts that we are bound by the trial court's prior determination (from which there was no appeal) that joint custody existed.

In *Elsome v. Elsome, supra*, the trial court modified child support and calculated it based on the sole custody worksheet, but deviated from the child support guidelines in order " 'to accommodate the substantial amounts of time the children spend with [the father].' " *Id.* at 894, 601 N.W.2d at 541. In *Elsome*, the par-

ties had joint legal custody of the children. The children spent 4 days of the week with their mother and the other 3 days with their father. This arrangement resulted in the mother having physical custody of the children 60 to 62 percent of the time, with the father having physical custody 38 to 40 percent of the time. The Supreme Court held that the lower court should have found a joint physical custody arrangement existed, in addition to the joint legal custody provided for in the first decree. Therefore, the trial court should have used the joint physical custody worksheet to calculate child support.

In *Elsome*, the court, drawing on authority from other jurisdictions, which we will not repeat, determined that "joint legal custody" is generally defined as joint authority and responsibility for making major decisions regarding the child's welfare. In contrast, joint physical custody involves joint responsibility for minor day-to-day decisions and the exertion of continuous physical custody by both parents over a child for significant time periods. The *Elsome* court concluded that if the trial evidence establishes a joint physical custody arrangement, it should be so construed by the courts, irrespective of how prior court orders or decrees have characterized the arrangement. This latter holding provides at least a partial answer to Tharnwell's argument (with which the trial court agreed), that if Nicole disagreed with the calculation of child support based on a joint physical custody basis, her only remedy was to appeal to this court the August 20, 1998, order which calculated child support based on a joint physical custody basis. But, *Elsome* clearly teaches that child support is to be set on a joint or sole physical custody basis depending on what the trial evidence reveals the arrangement to be—despite what a prior decree or order may have found it to be. Moreover, the doctrine that child support is always subject to modification and is never entirely final has been a part of our jurisprudence for years. See, e.g., *Erickson v. Erickson*, 202 Neb. 345, 275 N.W.2d 287 (1979). And, in modification matters affecting child support, the paramount concern is the best interests of the children. See, e.g., *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991). Making proper financial provisions for the support of the children of divorce is in their best interests. Therefore, we conclude that the fact that joint physical custody

was used as a basis for a previous calculation of support is no impediment to a proper calculation in this proceeding.

In the present case, the children spend every other weekend and 1 additional weekend day a month with Tharnwell. In addition, Tharnwell has visitation from 4 to 8 p.m. two nights a week. This visitation arrangement is suspended from June 1 to July 31 each year when the children have their extended summer visitation with Tharnwell. During this time, Nicole has visitation with the children every other Saturday from 8 a.m. until 8 p.m.

We return to *Elsome v. Elsome,* 257 Neb. 889, 601 N.W.2d 537 (1999), in which the trial evidence revealed a true joint physical custody arrangement, because the children lived with their mother 4 days out of the week and lived with their father the remaining 3 days out of the week. In the case at hand, Nicole is the primary caregiver and was in fact granted sole physical custody in the prior modification order. On the other hand, Tharnwell was granted rather "typical" weekend, holiday, and summer visitation rights. This is clearly an arrangement of Nicole having sole physical custody and Tharnwell having visitation. As such, it is clear that child support should be set using the parties' current incomes and the sole custody worksheet. In *Elsome,* the error was in using a sole custody worksheet when the evidence at the modification hearing revealed that the parents were really in a joint physical custody arrangement with respect to their children. Here, the converse is true, but the error must be remedied.

## CONCLUSION

We find that the district court abused its discretion in basing the child support calculation on the joint custody worksheet. We reverse the judgment and remand this cause to the district court to recalculate child support, retroactive to April 1, 1999, based on the sole physical custody worksheet found in the Nebraska Child Support Guidelines and enter the appropriate order.

REVERSED AND REMANDED WITH DIRECTIONS.