STACY LYNN KRAMER, APPELLANT, V.
GREGORY ALAN KRAMER, APPELLEE.

731 N.W.2d 615

Filed May 1, 2007.  No. A-05-499.

Steven M. Delaney, Tessa P. Hermanson, and, on brief, Janis J. Winterhof, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellant.

Matthew Hanson, of Hanson, Hroch & Kuntz, for appellee.

INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Stacy Lynn Kramer appeals from an order denying her application to modify a decree that dissolved her marriage to Gregory

Alan Kramer (Greg). On appeal, Stacy challenges the trial court's denial of her application to modify Greg's child support obligation and the trial court's use of a joint physical custody worksheet in denying her application. We find that the trial court did not err in denying Stacy's modification application because she failed to show that a material change of circumstances occurred subsequently to the entry of the original decree. We affirm.

## II. BACKGROUND

On November 3, 2003, the district court entered a decree dissolving the marriage between Stacy and Greg. In the decree, the trial court awarded the parties joint legal custody of their son, Garrett, born September 16, 2000. The court awarded Stacy physical custody, subject to Greg's reasonable rights of parenting time. The court determined that Greg would have visitation every other weekend, from Friday after school to Monday at 8 a.m.; every Tuesday and Thursday, from after school to 8 p.m.; two 2-week periods each summer; and alternating holidays. A joint physical custody worksheet was entered into evidence as an exhibit. Based upon the parties' stipulated agreement, the worksheet indicated that Greg would have 144 days with Garrett and Stacy would have 221 days with Garrett. The worksheet set forth Greg's child support obligation as $111.58. The trial court did not complete a child support worksheet; nor did the trial court address the child support worksheet submitted as an exhibit. The trial court ordered Greg to pay $103 per month in child support. Neither party appealed from the decree.

On August 5, 2004, Stacy filed an application to modify the decree. She asserted in her application that there was a material change of circumstances because Greg did not have Garrett for the number of days out of the year determined by the original decree. She also asserted in her application that the trial court erred in using "sp[l]it custody" calculations. She requested that Greg be ordered to pay $476 per month in child support.

At trial, Stacy testified that the visitation schedule currently followed by the parties differs "[v]ery little" from the one specified in the original decree. Both Stacy and Greg testified that Greg was currently spending more time with Garrett due to a change in his work schedule. Neither party submitted any evidence regarding any other change that had occurred subsequently

to the original decree. On February 15, 2005, the trial court issued an order denying Stacy's application. The court found that Stacy failed to show a material change of circumstances, stating, "If anything, [Stacy] has proven that the increase in visitation should decrease the child support calculation." On February 24, Stacy filed a motion for a new trial. The trial court overruled Stacy's motion, and this appeal timely followed.

## III. ASSIGNMENTS OF ERROR

Stacy has assigned two errors on appeal. First, Stacy asserts that the district court erred in refusing to grant her application for modification of child support. Second, Stacy asserts that the district court erred in improperly applying the Nebraska Child Support Guidelines.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Gallner v. Hoffman*, 264 Neb. 995, 653 N.W.2d 838 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

### 2. MODIFICATION OF CHILD SUPPORT

Stacy challenges the trial court's failure to grant her application to modify Greg's child support obligation. She argues that the trial court erroneously applied a joint physical custody worksheet when denying her application and that "the factual evidence demonstrated the parties did not have a joint custody arrangement." We note that Stacy fails to argue that any material change of circumstances has occurred since the entry of the original decree. As such, we find no merit to her first assigned error.

A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification

which was not contemplated when the prior order was entered. *Gallner v. Hoffman, supra; Peter v. Peter,* 262 Neb. 1017, 637 N.W.2d 865 (2002). In the context of marital dissolutions, a material change of circumstances means the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Gallner v. Hoffman, supra; Rauch v. Rauch,* 256 Neb. 257, 590 N.W.2d 170 (1999).

Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, and whether the change is temporary or permanent. *Sneckenberg v. Sneckenberg,* 9 Neb. App. 609, 616 N.W.2d 68 (2000); *Rauch v. Rauch, supra.*

In the instant case, Stacy fails to argue that any change of material circumstances occurred since the entry of the original decree. She fails to argue that there has been any financial change or that Garrett's needs have changed since the entry of the original decree. Further, the evidence adduced at trial clearly indicates that Greg currently spends *more* time with Garrett since the entry of the original decree.

The thrust of Stacy's second claim on appeal is that the trial court erred in using a joint physical custody worksheet when determining Greg's child support in the original decree and when denying Stacy's application for modification.

We cannot reach the issue of whether the trial court erroneously applied a joint physical custody worksheet in the modification order, because Stacy has failed to first show that a material change of circumstances occurred subsequently to the entry of the original decree.

In *Pool v. Pool,* 9 Neb. App. 453, 613 N.W.2d 819 (2000), the trial court erroneously used a joint physical custody worksheet in calculating the parties' child support after finding that the father had custody of the child only 39 percent of the time. However, neither party appealed from that order. Subsequently, the mother filed a petition for a modification of child support due to a material change in the parties' income. The district court applied the joint physical custody worksheet, instead of the sole custody worksheet, because "it did not find a material

change in circumstances with regard to the amount of time that each party spent with the children." *Id.* at 455, 613 N.W.2d at 822. The district court stated that "while the court may have erred in ordering child support based on joint custody at the previous modification, it was not going to revisit that issue, because it was not appealed after the previous order of August 20, 1998, was entered." *Id.* The mother appealed the trial court's application of the joint physical custody worksheet. We found that the trial court abused its discretion in failing to use the child support calculation on the sole custody worksheet, because there was no dispute that a material change of circumstances had occurred and the facts failed to indicate that there was a joint physical custody arrangement between the parents.

Unlike the court in the instant case, the district court in *Pool* found that the mother had in fact shown that a material change of circumstances had occurred. As a result, the only issue on appeal concerned *how* the trial court applied the child support guidelines, *not* whether modification of the order was even warranted. *Pool* is distinguishable from the instant case because there has been no showing, or even an allegation in the pleadings except in Stacy's application for modification of the decree, that a material change of circumstances occurred. Accordingly, because Stacy has failed to show any material change of circumstances, we find no abuse of discretion by the trial court in denying her application to modify Greg's child support obligation.

## V. CONCLUSION

We conclude that the district court did not err in denying Stacy's application to modify the district court's original decree because Stacy failed to show a material change of circumstances subsequent to the entry of the original decree.

AFFIRMED.